WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State Farm Fire & Casualty Company, | No. CV-17-0005-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Jakel Motors Incorporated, | |
| Defendant. | |

At Doc. 18, Defendant Jakel filed a "crossclaim" against Universal Metal Industries Incorporated ("Universal Metal"). Universal Metal moved to dismiss in part on procedural grounds arguing that the only "complaint" that can be filed against Universal Metal in this case is a third-party complaint and not a "crossclaim." (Doc. 22). Specifically, Universal Metal argues that Defendant Jakel cannot meet the requirements of Federal Rule of Civil Procedure 13.

Defendant Jakel responds and presents no colorable argument that what Defendant Jakel called a "crossclaim" does not need be filed as a Third-Party complaint under Federal Rule of Civil Procedure 14. (Doc. 25 at 7). However, Jakel says that it can cure this technical defect by amendment.[1]

Universal Metal replies and argues that any amendment to correct the caption to a third-party complaint rather than a crossclaim would be futile because, Universal Metal

---

[1] In the Order granting leave to file, the Court noted that Universal Metal would be a third-party Defendant, but did not require Jakel to fix the caption at that time. (Doc. 17).

contends, Jakel cannot state a claim against Universal Metal. (Doc. 26 at 3).

The Court will grant leave to amend to allow Jakel to file a Third-Party complaint. In filing the Third-Party complaint, Jakel is free to amend as much as it deems necessary to state a claim.

This Order is without prejudice to Universal Metal again moving to dismiss if it can show Jakel (as a third party plaintiff) fails to state a claim. In so moving, Universal Metal is reminded that the Court must accept all well pleaded factual allegations as true;[2] including Jakel's allegation that it is in fact seeking contribution and/or indemnity from Universal Metal based on existing expert opinions.

Additionally, Universal Metal is reminded that ripeness is not reviewed under the *Twombly* standard. Thus, to the extent what Universal Metal is actually arguing is that any claims against it are not currently ripe in this case, based on expert opinions in other cases, Universal Metal should apply the correct legal test.

Finally, Universal Metal argues that: "The purpose of [Fed. R. Civ. P] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). This argument is rejected. As this Court noted in its Order of March 1, 2017, Universal Metal was bound by all deadlines in this Court's Rule 16 scheduling order unless Universal Metal sought a supplemental Rule 16 conference within 30 days of service. Universal Metal did not make any such request, and therefore, discovery should already by ongoing in this case.[3]

Based on the foregoing,

**IT IS ORDERED** that the motion to dismiss (Doc. 22) is granted, in part, such that the crossclaim filed at Doc. 18 is stricken.

**IT IS FURTHER ORDERED** that leave to amend (part of Doc. 25) is granted;

---

[2] *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

[3] *See also* Gen. Ord. No. 17-08 (D. Ariz. Apr. 14, 2017) (ordering that for cases filed after May 1, 2017, the filing of a motion under Federal Rule of Civil Procedure 12(b)(6) does not stay discovery).

- 2 -

1  Defendant Jakel may file a Third-Party Complaint pursuant to Federal Rule of Civil
2  Procedure 14 within 7 days.  The Third-Party Defendant shall answer or otherwise
3  respond to the to-be-file Third-Party Complaint within 14 days of when it is filed.

**IT IS FURTHER ORDERED** that all deadlines in the Rule 16 scheduling order (Doc.13) are confirmed and bind all parties (including Universal Metal) who have thus far appeared in this case.

**IT IS FINALLY ORDERED** that the motion to dismiss (Doc. 22) is denied in all other respects, without prejudice.

Dated this 15th day of May, 2017.

James A. Teilborg
Senior United States District Judge